NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ECURIE REVE AVEC MOI, INC./ DREAM WITH ME STABLE, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NEW JERSEY RACING COMISSION, *et al.*, <br><br> Defendants. | Civil Action No.: 11-cv-4639-CCC-MF <br><br><br> OPINION |

**CECCHI, District Judge.**

I. **INTRODUCTION**

This matter comes before the Court upon the objections of Plaintiffs Ecurie Reve Avec Moi/Dream With Me Stable, Inc., Deo Volene Farms LLC, TLP Stable, and Jerry Silva ("Plaintiffs") to Magistrate Judge Mark Falk's Report and Recommendation ("R&R") granting in part and denying in part the Motion of Defendants the New Jersey Racing Commission ("NJRC") and Francesco Zanzuccki ("Mr. Zanzuccki") in his official capacity and individually (collectively, "Defendants"), to Dismiss Plaintiffs' Amended Complaint. ECF No. 70. The Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78. For the reasons set forth below, the Court adopts Judge Falk's Report and Recommendation granting Defendants' Motion to Dismiss the claims against the NJRC and Mr. Zanzuccki in his official capacity and denying without prejudice Defendants' Motion to Dismiss the claims against Mr. Zanzuccki in his individual capacity.

II. **BACKGROUND**

The following facts are accepted as true for the purposes of the instant motion. Plaintiffs assert claims against the NJRC and Mr. Zanzuccki, the Executive Director of the NJRC, under

1

United States Code § 1983 and the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. § 10:6-2. *See* Plaintiffs' Amended Complaint, ("Am. Compl." or "Complaint"), ECF No. 41. The gravamen of Plaintiffs' Complaint is that Defendants violated Plaintiffs' due process rights by: (1) ordering Plaintiffs' horse, Crys Dream, barred from racing in New Jersey for ninety days; (2) refusing Plaintiffs' request to stay that order; (3) improperly delaying review of Crys Dream's suspension; and (4) withholding purse monies to which Plaintiffs were entitled. *Id.* ¶¶ 15–30, 32. As a result, Plaintiffs lost substantial revenue. *Id.*

Plaintiffs commenced this action on August 11, 2011. ECF. No. 1. Plaintiffs filed an Amended Complaint on December 23, 2014. ECF No. 41. Defendants moved to dismiss Plaintiffs' Amended Complaint on March 6, 2015. ECF No. 48. Defendants contended: (1) because the Eleventh Amendment bars Plaintiffs' claims against the NJRC and Mr. Zanzuccki in his official capacity, those claims must be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1); and (2) because Mr. Zanzuccki is entitled to qualified immunity, Plaintiffs' claims against Mr. Zanzuccki in his individual capacity must be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 48-1.

On September 8, 2015, Magistrate Judge Falk issued an R&R concluding the Eleventh Amendment bars Plaintiffs' claims against the NJRC and Mr. Zanzuccki in his official capacity, but "a long line of authority . . . permits limited discovery regarding the application of qualified immunity" in Plaintiffs' suit against Mr. Zanzuccki in his individual capacity. ECF No. 71 at 7. Accordingly, Judge Falk recommended this Court grant Defendants' Motion as to Plaintiffs'

claims against the NJRC and Mr. Zanzuccki in his official capacity and deny Defendants' Motion as to Plaintiffs' claims against Mr. Zanzuccki in his individual capacity. *Id.*

Plaintiffs objected to Judge Falk's R&R on September 23, 2015, arguing that the Eleventh Amendment does not bar their claims against the NJRC and Mr. Zanzuccki in his official capacity. ECF No. 70. Defendants filed a response to Plaintiffs' objections but did not timely object to Judge Falk's R&R. ECF No. 73.

### III. **LEGAL STANDARD**

A motion to dismiss a complaint will be granted where the court lacks subject matter jurisdiction to hear the claim, Fed. R. Civ. P. 12(b)(1), or where the complaint fails to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6). A federal court lacks subject matter jurisdiction to hear claims barred by the Eleventh Amendment. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984)). The Eleventh Amendment-immunity defense is a facial attack on federal jurisdiction and is therefore decided in the same procedural posture as a motion to dismiss pursuant to Rule 12(b)(1). *See, e.g., Kirkland v. DiLeo*, No. 2:12-1196 KM, 2013 WL 1651814, at *3 (D.N.J. Apr. 15, 2013). Under Rule 12(b)(6), a complaint fails to state a claim upon which relief can be granted if, accepting all of the complaint's well-pleaded allegations as true and viewing them in the light most favorable to the plaintiff, there is no "reasonable reading of the complaint [under which] the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal citation and quotation marks omitted).

When a Magistrate Judge addresses motions that are considered dispositive, such as a motion to dismiss, the Magistrate Judge submits an R&R to the District Court. 28 U.S.C. §

636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The District Court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions." 28 U.S.C. § 636(b)(1); *see also* L. Civ. R. 72.1(c)(2). Unlike an Opinion and Order issued by a Magistrate Judge on a non-dispositive matter, an R&R does not have force of law unless and until the district court enters an order accepting or rejecting it. *United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d 1001, 1005 (3d Cir. 1987).

On dispositive motions, the District Court must make a *de novo* determination only of those portions of the Magistrate Judge's R&R to which a litigant has filed objections. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(3); L. Civ. R. 72.1(c)(2); *see State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 231 (D.N.J. 2002). Where a litigant fails to file timely objections, the Court reviews the Magistrate Judge's R&R for "clear error." Fed. R. Civ. P. 72(b), Notes of Advisory Committee on Rules-1983; *see also Dempsey v. Mulberry St. Rest., Inc.*, No. 08-5391, 2010 WL 3326671, at *1 (D.N.J. Aug. 23, 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).

IV. **DISCUSSION**

For the reasons set forth below, this Court finds that under a *de novo* standard, Judge Falk correctly found that the Eleventh Amendment bars Plaintiffs' suit against the NJRC and Mr. Zanzuccki in his official capacity. Further, this Court notes that because Defendants did not timely object to Judge Falk's R&R, they are not entitled to *de novo* review of Judge Falk's recommendation that this Court deny their motion as to Plaintiffs' claims against Mr. Zanzuccki in his individual capacity. *See, e.g.*, *Dempsey*, 2010 WL 3326671, at *1. Nevertheless, the Court

finds that even under a *de novo* standard, the motion to dismiss as to Mr. Zanzuccki in his individual capacity is not clearly subject at this point to dismissal by reason of qualified immunity.

### A. Claims Against the NJRC and Mr. Zanzuccki in His Official Capacity

The Eleventh Amendment of the U.S. Constitution strips federal courts of jurisdiction to hear suits for retroactive monetary damages brought by private parties against a state unless a state has consented to such jurisdiction. *See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669–70 (1999); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). Eleventh-Amendment immunity extends to state agencies that are "arm[s] of the state," *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429–30 (1997), and, in suits for retroactive monetary relief, to state officials acting in their official capacities. *See Edelman*, 415 U.S. at 663. In light of these Eleventh-Amendment bars, the Supreme Court has held that "neither a State nor its officials acting in their official capacities" may be sued under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).[1]

Plaintiffs assert that the Eleventh Amendment does not bar their suit against the NJRC and Mr. Zanzuccki in his official capacity because: (1) the NJRC is not a state agency for the purposes of Eleventh-Amendment immunity, ECF No. 70 at 11; and (2) the NJRC and Mr. Zanzuccki are not entitled to immunity because they violated state law. *Id.* at 3. For the reasons set forth below, this Court denies Plaintiffs' objections and adopts Judge Falk's R&R.

---

[1] Plaintiffs do not appear to contest Judge Falk's determination that this Court lacks jurisdiction to hear Plaintiffs' claims under the NJCRA. In any event, the law is clear that absent unequivocal consent by a state or state entity, federal courts have no jurisdiction to hear state-law claims against a state or against state officials sued in their official capacities. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106, 121 (1984). They also have no jurisdiction to hear state-law claims under supplemental jurisdiction. *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 540-42 (2002).

5

### 1. The NJRC is a State Agency

The Third Circuit considers three factors to determine whether a state agency is an "arm of the state" and thus entitled to Eleventh-Amendment immunity: (1) whether the money that would pay the judgment would come from the state; (2) the agency's status under state law; and (3) the extent of the agency's autonomy. *See Cooper v. Se. PA Transp. Auth.*, 548 F.3d 296, 299 (3d Cir. 2008) (citing *Fitchik v. N.J. Transit Rail Operations, Inc.*, 873 F.2d 655 (3d Cir. 1989)).

Plaintiffs appear to contest Judge Falk's determination with regard to the first *Fitchik* factor, arguing that a judgment against the NJRC and Mr. Zanzuccki would not in fact be paid out of the state treasury for two reasons. ECF No. 70 at 10. Plaintiffs first assert that a judgment against the Defendants would not be paid out of the state treasury because New Jersey law requires that each member of the NJRC post a bond in the amount of $25,000 "that he will well and faithfully execute and perform the duties of his office according to the Constitution and laws of this State." *Id.* at 11; N.J.S.A. 5:5-24. However, New Jersey law also provides that it is the governor who may, upon application by person aggrieved by a public official under bond to the state, "order an action upon such bond to be commenced and prosecuted in the superior court, in the name of the state of New Jersey." N.J.S.A. § 2A:27-1.[2] Therefore, it is the governor, and not Plaintiffs themselves, who may bring an action to be paid by the bonds of the NJRC.

---

[2] In support of this argument, Plaintiffs also cite to a case in which the Seventh Circuit Court of Appeals held the Eleventh Amendment did not bar suit against the Illinois State Toll Highway Authority where an Illinois statute authorized the Highway Authority to issue bonds, the proceeds from the sale of which could be used to satisfy any judgment against the Authority. *Miller-Davis Co. v. Ill. State Toll Highway Auth.*, 567 F.2d 323, 327 (7th Cir. 1977). In that case, the State of Illinois had expressly waived sovereign immunity, *id.* at 330 (citing Ill. Const. Art. 13, § 4 (1970)), and the Illinois Supreme Court had held the Highway Commission was not the alter ego of the State, *id.* at 329. As neither of those considerations is present here, *Miller-Davis* is inapposite.

Plaintiffs next assert that a judgment against Defendants would not be paid out of the state treasury because the NJRC is authorized by statute to receive monies from fees and the sale of licenses to private parties and track associations. ECF No. 70 at 12. Those monies, however, relate only to "racing costs," see N.J.S.A. 5:5-152, defined as "prospective and actual costs for all licensing, investigation, operation, regulation, supervision and enforcement activities and functions performed by the commission." N.J.S.A. 5:5-129. There is no indication that judgments against the NJRC or its employees would be satisfied from racing costs. Moreover, it is doubtful that racing costs would be sufficient to satisfy any and all judgments against the NJRC. *Cf. Cooper*, 548 F.3d at 306 (finding a public entity was not an arm of the state where it received funding from non-state sources totaling "in the hundreds of millions" and "could satisfy an adverse judgment from these sources"). Thus, the Court finds no basis for Plaintiffs' assertion that a judgment against the NJRC would not be paid out of the state treasury. Accordingly, the first *Fitchik* factor weighs in favor of the conclusion that the NJRC is an arm of the state.

Plaintiffs do not appear to contest Judge Falk's determination that the second and third *Fitchik* factors, status under the law and autonomy, indicate that the NJRC is an arm of the state.[3]

---

[3] To the extent Plaintiffs seek on appeal to revive their argument regarding the second and third *Fitchik* factors, the Court agrees with Judge Falk that the case Plaintiffs cite in support of their argument, *De Santis v. Ricci*, 614 F. Supp. 415 (D.N.J. 1985), is inapposite. *De Santis* held the New Jersey Sports and Exhibition Authority ("NJSEA") is not an arm of the state for Eleventh-Amendment purposes. *Id.* at 422. But, unlike the NJRC, the NJSEA enjoys relative independence from the state and authority under the law: it is a quasi-governmental "public body corporate and politic, with corporate succession," N.J.S.A. 5:10-4(a), authorized to make and enter into contracts with the state or federal government and sue and be sued under state law, among many other powers, *see* N.J.S.A. 5:10-5. By contrast, the Legislature expressly limited the NJRC's powers to those necessary to regulate horse racing, *see* N.J.S.A. 5:5-22; 5:5-22.2, and did not intend "the Commission to be independent and outside the scope of Executive control." *In re Veto by Governor Chris Christie of Minutes of N.J. Racing Comm'n from June 29, 2011 Meeting*, 58 A.3d 735, 742 (N.J. Super. Ct. App. Div. 2012) (citation and internal quotation marks omitted).

Accordingly, as the foregoing analysis of the *Fitchik* factors indicates the NJRC is an arm of the state, the Court adopts the R&R that Plaintiffs' suit against the NJRC and Mr. Zanzuccki in his official capacity as Executive Director of the NJRC is barred under the Eleventh Amendment.

### 2. The Eleventh Amendment is an Absolute Bar to Plaintiffs' Claims Against the NJRC and Mr. Zanzuccki in His Official Capacity

Plaintiffs also argue that neither Mr. Zanzuccki nor the NJRC is entitled to immunity because the New Jersey Supreme Court, Appellate Division, ruled Defendants violated the law. ECF No. 70 at 3. That argument is unavailing. Although 42 U.S.C. § 1983, renders certain "persons" liable for deprivations of constitutional rights, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71; *see also Ellington v. Cortes*, 532 F. App'x 53, 56 (3d Cir. 2013) (individual state troopers were not "persons" within the meaning of § 1983 when sued in their official capacities) (citing *Will*, 491 U.S. at 71)). As the NJRC is an arm of the state under the *Fitchik* test, neither the NJRC nor Mr. Zanzuccki in his official capacity is a "person" under § 1983 and cannot be sued pursuant to this statute. Therefore, although the Eleventh Amendment permits certain suits against state officers in their individual capacities, it is an absolute bar to federal suits against states and state officers in their official capacities. Accordingly, Plaintiffs' claims against the NJRC and Mr. Zanzuccki in his official capacity must be dismissed for lack of subject matter jurisdiction.[4]

---

[4] The Court notes that in a previous case against the NJRC, the parties were in agreement that the Eleventh Amendment required dismissal of the federal causes of action against the NJRC. *See Latessa v. N.J. Racing Comm'n*, 113 F.3d 1313, 1317 n.2 (3d Cir. 1997).

### B. Claims Against Mr. Zanzuccki in His Individual Capacity

Judge Falk recommended that this Court deny Defendants' Motion to Dismiss with respect to Plaintiffs' claims against Mr. Zanzuccki in his individual capacity. State officials sued in their individual capacities are immune from suit unless their official actions violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A state official's right to "qualified immunity will be upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint." *Thomas v. Indep. Twp.*, 463 F.3d 285, 291 (3d Cir. 2006) (internal citation and quotation marks omitted); *see also Debrew v. Auman*, 354 F. App'x 639, 642 (3d Cir. 2009) ("Because the complaint failed to disclose whether the defendants' actions did not violate a clearly established constitutional right, dismissal on qualified immunity grounds was premature."). The plaintiff has no "duty to plead facts relevant to a qualified immunity defense in order to state a claim." *Thomas*, 463 F.3d at 292. Moreover, the Third Circuit has cautioned "it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases." *Newland v. Reehorst*, 328 F. App'x 788, 791 n.3 (3d Cir. 2009).

Here, Plaintiffs' Complaint alleges Mr. Zanzuccki violated Plaintiffs' due process rights by, *inter alia*, "seeking and obtaining unreasonable extensions" of time to review Crys Dream's suspension, in violation of New Jersey law. Am. Compl. ¶ 25. As a preliminary matter, the Court notes it is undisputed that Plaintiffs had a property interest in their license to race Crys Dream and that the administrative procedures for suspending that license must comport with due process. *See Gulotta v. N.J. Racing Comm'n*, No. A-1774-12T3, 2014 WL 4375668, at *9–10 (N.J. Super. Ct.

App. Div. Sept. 5, 2014) (citing *Barry v. Barchi*, 443 U.S. 55, 64 (1979)). Accordingly, the question remaining for the Court is whether Plaintiffs' Complaint shows on its face that Mr. Zanzuccki's conduct did not violate clearly established law. For the reasons set forth below, the Court finds the Complaint does not demonstrate Mr. Zanzuccki's qualified immunity.

The clearly established New Jersey administrative regulations governing Mr. Zanzuccki's review of the suspension provide that "for good cause shown," N.J.S.A. 52:14B-10(c), the head of an agency may extend the forty-five day period during which an agency must decide whether to adopt an administrative law judge's opinion. *See* Am. Compl. ¶ 25. In addition, "[a]ny order granting an extension must set forth the factual basis constituting good cause for the extension . . . ." *Gulotta*, 2014 WL 4375668, at *14 (quoting N.J.A.C. 1:1-18.8(f)). "[A] showing of good cause is not assumed and must be supported by facts warranting a delay of the duration the agency requests." *Id.* at *14 (citing *Penpac, Inc. v. Passaic Cty. Utils. Auth.*, 843 A.2d 1153 (N.J. Super. Ct. App. Div. 2004); *Capone v. N.J. Racing Comm'n*, 817 A.2d 995, 1002 (N.J. Super. Ct. App. Div. 2003)).

Whether Mr. Zanzuccki had good cause for the extension and fulfilled his statutory obligation to support his decision with a factual basis showing good cause is a question of fact the Court cannot decide on this motion to dismiss. *See Coles v. Carlini*, No. 10-6132 JBS/AMD, 2012 WL 1079446, at *9 (D.N.J. Mar. 29, 2012) (finding the qualified immunity analysis was inappropriate where the question of whether the officer's conduct comported with clearly established law was a "fact sensitive inquiry"). Moreover, the Superior Court of New Jersey, Appellate Division, considered Mr. Zanzuccki's conduct in the instant case and found the "factual basis for the second extension was inadequate to establish 'good cause.'" *Gulotta*, 2014 WL

4375668, at *14. Accordingly, the Court finds Defendants' entitlement to qualified immunity is not clearly established on the face of the Complaint.[5]

Therefore, this Court will adopt Judge Falk's R&R that the parties be allowed to take discovery limited to the issue of Mr. Zanzuccki's qualified immunity.

IV. **CONCLUSION**

Having thoroughly reviewed Magistrate Judge Falk's Report and Recommendation and Plaintiffs' objections thereto, and for the reasons stated above, this Court hereby adopts Judge Falk's Report and Recommendation in full. Accordingly, the Court grants Defendants' Motion to Dismiss as to Plaintiffs' claims against the NJRC and Mr. Zanzuccki in his official capacity and denies without prejudice Defendants' Motion as to Plaintiffs' claims against Mr. Zanzuccki in his individual capacity. An appropriate order accompanies this Opinion.

Dated: August 11, 2017

CLAIRE C. CECCHI, U.S.D.J.

---

[5] The Court also rejects Defendants' argument that the Amended Complaint's allegations against Zanzuccki "solely relate to his official capacity" rather than his individual capacity. ECF No. 73 at 21. Under § 1983, a personal-capacity suit "seek[s] to impose individual liability upon a government officer for actions taken under color of state law. . . . [I]t is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." Hafer v. Melo, 502 U.S. 21, 25 (1991) (internal quotation omitted). By contrast, an official-capacity suit is one in which "the real party in interest . . . is the governmental entity and not the named official" and challenges "the entity's policy or custom" as violating federal law. Id. (internal quotation omitted). Here, Plaintiffs claim that Zanzuccki's actions, such as his "unreasonable extensions" of time to review Crys Dream's suspension, Am. Compl. ¶ 25, both exceeded Zanzuccki's statutory authority and violated Plaintiffs' federal rights. This is consistent with a personal-capacity suit alleging "deprivation of a federal right" done "under color of state law[.]" Hafer, 502 U.S. at 25.